UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14160-CV-MOORE
MAGISTRATE JUDGE REID

KORIN NARADA BRADLEY,

    Plaintiff,

v.

BRETT PETERS, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

### I.  Introduction

This matter is before the Court on Plaintiff's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. [ECF No. 1]. This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Plaintiff, **Korin Bradley**, is a pretrial detainee at the St. Lucie County Jail and is proceeding *in forma pauperis* in this matter. [ECF No. 5]. Accordingly, his Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A before it may proceed further. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007), *cert. denied*, 552 U.S. 994 (2007).

## II. Facts Alleged

Plaintiff alleges that his appointed public defender, Defendant Peters, waived his right to speedy trial without his consent. [ECF NO. 1 at 3]. He sent letters to Peters asking him to not waive his speedy trial right. [*Id*. at 4]. He also requested that Peters file a notice of expiration of the speedy trial period. [*Id*.]. He further alleges that the jail will not transport him to "docket call" and he therefore cannot object. [*Id*.]. He has not been to a court appearance since May 2019, and he has been writing to the state clerk of court. [*Id*.].

Plaintiff also claims that the State Attorney is in violation of the Privacy Right Act. [*Id*. at 5]. He alleges that the State Attorney sent paperwork to the jail that contained his date of birth and Social Security number, exposing the information to others. [*Id*.]. According to Plaintiff, another person's date of birth and Social Security number were also included in the documents sent by the State Attorney. [*Id*.].

Plaintiff seeks monetary damages for "everyday I've been illegally detained from my freedom after time had expired and the state was barred from prosecution and for time that I never made for all docket call hearings that violated my due process." [*Id*. at 3].

## III.     Discussion

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing a complaint, the court takes Plaintiff's allegations as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standards govern dismissal under Fed. R. Civ. P. 12(b)(6) and under § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.' *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 550 U.S. at 555.). Under § 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on indisputably meritless

legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

### A. Claims Against Public Defender

Plaintiff is suing his assigned public defender. [ECF No. 1 at 1]. Public defenders, however, are not liable under § 1983 because they are not state actors. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law, as required under § 1983, when he performs a lawyer's traditional function by acting as defense counsel in a criminal proceeding).

Here, Plaintiff alleges his attorney waived his speedy trial rights without consulting him. This is the type of decision reserved for counsel. In fact, the right to speedy trial may be waived even without a defendant's consent. *See McKenzie v. State*, 153 So.3d 867, 875 (Fla. 2014). Since the only allegation against the public defender involves his traditional function as defense counsel, he was not acting under color of state law and should be dismissed.

### B. Claim Against Assistant State Attorney Spencer Scott

Next, Plaintiff is suing the assistant state attorney assigned to his case. To the extent Plaintiff is suing the state attorney because of the delay in the state court proceedings, the claim should be dismissed because the state attorney is immune. A prosecutor is absolutely immune from suit for all actions that he or she takes while

serving as an advocate for the state or government. *See Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 2010), *aff'd* 566 U.S. 356 (2012).

The state attorney here is absolutely immune from suit for his actions in this case because his alleged actions all arise from his role as an advocate for the state. *See id.*; *see also Rowe*, 279 F.3d at 1279–80; *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) ("in initiating a prosecution and presenting the state's case, the prosecutor is immune from civil suit for damages under § 1983"). Here, the Complaint does not allege that the prosecutors engaged in misconduct outside the bounds of prosecutorial immunity as it relates to the speedy trial claim. *See Rehberg*, 611 F.3d at 837–38, 841.

Plaintiff also claims that the state attorney acted "in violation of [his] Privacy Right Act" by sending information to the jail that included Plaintiff's Social Security number. [ECF No. 1 at 5]. Although Plaintiff references a "Privacy Right Act," he has not identified a constitutional claim against this defendant. In the absence of a claimed constitutional violation, this claim should also be dismissed.

**C. Claim Against Sheriff Ken Mascara**

Plaintiff has also named Sheriff Ken Mascara as a defendant presumably for failing to take him to "docket calls." He alleges that the sheriff's policies are "in violation of the Fla Rules of Criminal Procedure." [*Id.* at 4]. Plaintiff has not identified a constitutional violation but rather an alleged violation of criminal

procedural rules. In the absence of an allegation that Defendant Mascara has violated a federal right, Plaintiff has failed to state a claim for which relief can be granted.

## IV.    Conclusion

Since none of Plaintiff's claims for relief are sufficient to proceed under 42 U.S.C. § 1983, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

Objections to this Report and Recommendation may be filed with the Chief District Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the Chief District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 14th day of October, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:  **Korin N Bradley**
     254147
     St. Lucie County Jail
     Inmate Mail/Parcels
     900 North Rock Road
     Fort Pierce, FL 34945
     PRO SE