# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 2:20-cv-14160-KMM

KORIN NARADA BRADLEY,

    Plaintiff,

v.

BRETT PETERS, *et al.*,

    Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Plaintiff Korin Narada Bradley's ("Plaintiff") Complaint pursuant to 42 U.S.C. § 1983. ("Compl.") (ECF No. 1). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Petition be DISMISSED. ("R&R") (ECF No. 9). Plaintiff filed objections. ("Obj.") (ECF No. 11). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.[1]

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem,*

---

[1] The Court adopts the R&R with the following alteration: on page five, line five, the citation should read, in relevant part, "*See id.*; *see also Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279–80 (11th Cir. 2002); *Imbler v. Pachtman*, 424 U.S. 409, 431".

*Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

In the Complaint, Plaintiff alleges that his appointed public defender waived his speedy trial rights, despite Plaintiff's requests to the public defender not to do so. Compl. at 3–4. Plaintiff alleges that he has been unable to discuss his objection to counsel's waiver because the jail will not transport him to the "docket call," and he has not been to a court appearance since May 2019. *Id.* at 4. Plaintiff alleges that the state attorney acted "in violation of [his] Privacy Right Act" by sending paperwork to the jail that included his date of birth and social security number, exposing Plaintiff to possible fraud. *Id.* at 5. Plaintiff seeks monetary damages for alleged violations of his due process rights. *Id.* at 3.

As set forth in the R&R, Magistrate Judge Reid finds that Plaintiff has failed to state a viable § 1983 claim against Defendants. R&R at 6. Specifically, Magistrate Judge Reid finds that Plaintiff's only allegation against the public defender involves his traditional function as defense counsel, and a public defender does not act under color of state law as required under § 1983 in that context. *Id.* at 4. Regarding the prosecutor, Magistrate Judge Reid finds that Plaintiff's claim against him should be dismissed because the state attorney is immune from suit while acting in his role as an advocate for the state, and Plaintiff failed to identify a cognizable constitutional claim against the state attorney. *Id.* Finally, Magistrate Judge Reid finds that Plaintiff's allegation against Defendant Sheriff Ken Mascara involves state criminal procedural rules rather than a federal constitutional right. *Id.* at 5–6. Accordingly, Magistrate Judge Reid recommends dismissal of the Complaint. *Id.* at 8. This Court agrees.

In the Objections, Plaintiff argues that the Court should not dismiss the Complaint and close the case before giving Plaintiff an opportunity to amend his Complaint to resolve the

deficiencies. In Plaintiff's separately filed Petition to Amend Complaint, Plaintiff requests leave to amend the Complaint by adding defendants. (ECF No. 10). As an initial matter, the Objections do not challenge any of Magistrate Judge Reid's factual findings, and therefore are not "proper, specific objection[s]." Thus, the Court is not required to conduct a *de novo* review. *Macort*, 208 F. App'x at 784. But, in any event, Plaintiff's argument is inapposite. On October 30, 2020, Magistrate Judge Reid denied Plaintiff's Petition to Amend because "leave to amend would be futile." (ECF No. 12). Indeed, the Court agrees that adding new defendants, as Plaintiff requests, would not cure the Complaint's deficiencies. Accordingly, because granting leave to amend would be futile, Plaintiff's argument is unpersuasive.

UPON CONSIDERATION of the Complaint, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Reid's R&R (ECF No. 9) is ADOPTED and Plaintiff's Complaint (ECF No. 1) is DISMISSED. The Clerk of the Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  30th  day of October, 2020.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record